884 F.2d 1399
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
GEMVETO JEWELRY COMPANY, INC., Plaintiff-Appellant,
v.
JEFF COOPER, INCORPORATED and Jeff Cooper, Individually,
Defendants-Appellees.
 No. 89-1055.
 United States Court of Appeals, Federal Circuit.
 Aug. 31, 1989.
 
 Before MAYER, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The judgment of the United States District Court for the Southern District of New York, 694 F.Supp. 1085, --- USPQ2d ---- (S.D.N.Y.1989), dismissing Gemveto's claim of patent infringement against Jeff Cooper and Jeff Cooper, Inc. on the ground that United States Patent No. 4,292,818 is invalid under 35 U.S.C. Sec. 103, is affirmed.*
 
 OPINION
 
 2
 After the second trial on the validity of the '818 patent, the district court rejected as incredible Vitau's testimony that the rings introduced in the first trial did not embody the teachings of United States Patent No. 4,222,245. Offering no challenge to this finding, Gemveto nevertheless argues that the '818 patent has not been proven invalid because the rings are not prior art under 35 U.S.C. Sec. 102, and in any event, because Cooper has not shown that '818 is obvious in light of them.
 
 
 3
 As to the first point, the district court found that "[t]he rings were advertised in a widely circulated trade journal, shipped to several customers and offered for sale at two trade shows" more than one year prior to the filing of the application for the '818 patent. 568 F.Supp. 319, 325, 219 USPQ 806, 810. Gemveto has not shown these findings are clearly erroneous, or that they are insufficient, as a matter of law, to satisfy section 102. See Buildex Inc. v. Kason Industries, Inc., 849 F.2d 1461, 1464, 7 USPQ2d 1325, 1327 (Fed.Cir.1988) ("It is not necessary that a sale be consummated for the ["on sale," section 102(b) ] bar to operate[; i]ndeed, ... no more than a firm offer to sell may be sufficient").
 
 
 4
 As to the second point, Gemveto argues that the district court erred in holding "that the mere filing of the terminal disclaimer [in response to the examiner's double patenting of the obviousness type rejection] constituted actual acquiescence by Mr. Vitau in the PTO's position that the claims of the '818 patent were obvious in light of the teachings of the '245 patent." Assuming without deciding that Gemveto is right about this, however, we see no reversible error.
 
 
 5
 The judicially created doctrine of double patenting of the obviousness type is separate and distinct from statutory obviousness under section 103. See In re Bowers, 359 F.2d 886, 889, 149 USPQ 570, 574 (CCPA 1966). After detailing the differences between the claims of the '818 patent and the teachings of the '245, the district court found that "[w]hile the 818 contains improvements over the 245, there are substantial similarities between the two patents." 568 F.Supp. at 324, 219 USPQ at 809. Further finding that "with the 245 in hand, the 818 could have been developed by others," id. at 328, 219 USPQ at 812, the court concluded that the '818 "patent is invalid under section 103" in light of the prior art rings that embody the teachings of the '245 patent. Id.
 
 
 6
 Gemveto proffered no evidence and made no argument that the court erred in this analysis. Adelman, Gemveto's expert at the retrial, alluded to the distinction between section 103 and double patenting, but testified only about the effect of the terminal disclaimer. The balance of the evidence went to the question of Vitau's credibility. The suggestion that the court's holding on the terminal disclaimer issue was the sole basis for the section 103 invalidation is belied by the court's detailed comparison of the '818 and the '245, and by Gemveto's own admission that, with respect to both the '245 and the '818, "the district court conducted [the Graham v. John Deere Co., 383 U.S. 1, 17, 148 USPQ 459, 467 (1966) ] analysis." Our own review uncovers no error.
 
 
 
 *
 In accord with our mandate, 800 F.2d 256, 259, 230 USPQ 876, 879 (1986), the district court also revised its earlier injunction "to specify Cooper's acts which would, if not enjoined, constitute palming-off under New York common law." The revised injunction is not at issue in this appeal